UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brian Michael GITRE, | Case No.:  20-cv-2272-AJB-AGS |
| Petitioner, | **REPORT AND RECOMMENDATION TO GRANT THE WARDEN'S MOTION TO DISMISS (ECF 7)** |
| v. | |
| Craig KOENIG, Warden, et al., | |
| Respondents. | |

A state prisoner filed his federal habeas petition over a year late. The only issue is whether statutory or equitable tolling can bring his petition within the statute of limitations for federal habeas review.

## BACKGROUND

In 2016, a jury convicted petitioner Brian Gitre of two drunk-driving-related offenses, resulting in bodily injury to multiple victims, and one count of refusing a peace officer's request to submit to chemical tests. (*See* ECF 7-5, at 3.) Gitre's relevant post-conviction proceedings, up to the filing of his federal habeas petition, are set forth in the table below:

1

| Date | Event | Elapsed Time | |
|---|---|---|---|
| | | **Period** | **Total** |
| June 13, 2018 | California Supreme Court denies review of Gitre's appeal. (*See* ECF 7-7, at 2.) | N/A | |
| Sept. 11, 2018 | **Judgment becomes final**. Deadline for filing a *certiorari* petition in the U.S. Supreme Court expires. *See Porter v. Ollison*, 620 F.3d 952, 958-59 (9th Cir. 2010). | N/A | |
| | **NO ACTIVITY** | 246 days | 365 days |
| May 15, 2019 | **First Petition**: State habeas petition filed in San Diego County Superior Court. (*See* ECF 7-8, at 2.) | 42 days | |
| June 26, 2019 | Petition denied. (ECF 7-11, at 1.) | | |
| | **NO ACTIVITY** | 77 days | |
| Sept. 11, 2019 | **Presumptive federal habeas corpus deadline.** Presumptive one-year deadline for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). | | |
| | **NO ACTIVITY** | 44 days | 435 days |
| Oct. 25, 2019 | **Second Petition**: State habeas petition filed in the California Court of Appeals. (ECF 7-12, at 63.) | 6 days | |
| Oct. 31, 2019 | Petition denied as "untimely" and on the merits. (ECF 7-16, at 2-6.) | | |
| | **NO ACTIVITY** | 175 days | |
| April 23, 2020 | **Third Petition**: State habeas petition filed in the California Supreme Court. (ECF 7-17, at 2.) | 125 days | |
| Aug. 26, 2020 | Petition summarily denied. (ECF 7-18, at 2 ("The petition for writ of habeas corpus is denied.").) | | |
| | **NO ACTIVITY** | 85 days | |
| Nov. 19, 2020 | Federal habeas petition filed. (ECF 1, at 1.) | N/A | |

The respondent Warden now moves to dismiss Gitre's petition as time-barred, among other reasons.[1] (ECF 7, at 1.)

---

[1] Gitre argues that the Warden's motion to dismiss is itself "doomed for failing to be filed on time." (ECF 8, at 1.) The Warden's motion was in fact timely, but respondent was

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DISCUSSION**

Unless statutory or equitable tolling applies, Gitre had one year after his judgment became "final" to seek federal habeas review—that is, his filing deadline was September 11, 2019. *See* 28 U.S.C. § 2244(d)(1); *Evans v. Castro*, 54 F. App'x 651 (9th Cir. 2003) (discussing statutory and equitable tolling). Yet Gitre filed his federal habeas petition over 14 months after that deadline. (*See* ECF 1.) The question is whether his various state habeas proceedings tolled his one-year limitations clock, which might make his federal petition timely.

### A.    **Statutory Tolling**

The one-year period for filing federal habeas petitions is tolled during any timely, "properly filed" state post-conviction proceedings. *See* 28 U.S.C. § 2244(d)(2). Thus, Gitre's first state petition tolled his federal filing deadline for the 42 days it was "pending" from May 15 to June 26, 2019. *See Carey v. Saffold*, 536 U.S. 214, 216-17 (2002).

Unfortunately for Gitre, his next two state habeas petitions did *not* delay his filing deadline, as they were both untimely. A state habeas petition that is "rejected as untimely" is not considered "properly filed" and thus does not toll the one-year statute of limitations. *Allen v. Siebert*, 552 U.S. 3, 4-5 (2007). The California Court of Appeal explicitly denied Gitre's second petition as "untimely" as well as on the merits. (ECF 7-16, at 2-6.) The state appellate court reasoned that Gitre offered "no adequate explanation" for waiting to file his second petition for "32 months after sentencing and 19 months after the appeal was decided." (*Id*. at 2.) So, the second petition cannot toll any time here.

---

four days late in entering a court-ordered notice of appearance. (ECF 4, at 1; ECF 5, at 2.) This Court will not deny respondent's motion on this ground, especially when Gitre does not allege that he "suffered prejudice" from opposing counsel's late appearance. *See MHD-Rockland Inc. v. Aerospace Distributors Inc.*, 102 F. Supp. 3d 734, 738 (D. Md. 2015). The Court has, however, issued respondent an Order to Show Cause to address the alleged violation. (*See* ECF 9.)

Similarly, Gitre's third state habeas petition must be deemed untimely and cannot stop his filing clock. In a one-sentence opinion, the California Supreme Court ruled, "The petition for writ of habeas corpus is denied." (ECF 7-18, at 2.) Because the state Supreme Court did not explain its decision, this Court must "presume the higher court agreed with and adopted the reasons given by the lower court." *Curiel v. Miller*, 830 F.3d 864, 870 (9th Cir. 2016) (en banc); *see also Washington v. Sherman*, 768 F. App'x 774, 775 (9th Cir. 2019) (holding that, when "assessing the timeliness of a state petition, federal courts look to the last 'reasoned' state court decision" (quotation marks omitted)). In other words, the state Supreme Court's summary denial must be interpreted as a finding that the third habeas petition was untimely.

Finally, the period between the denial of Gitre's first state habeas petition and the filing of any later petitions is not statutorily tolled unless those later petitions are "timely under state law." *See Evans v. Chavis*, 546 U.S. 189, 191 (2006); *see also Garcia v. Kernan*, No. 3:16-CV-00911-H-PCL, 2018 WL 985373, at *6 (S.D. Cal. Feb. 20, 2018) (holding that when a California "state court finds the petition is untimely under state timing rules, . . . the time between filings in California courts will not" be tolled). So statutory tolling does not apply to the intervals between Gitre's state post-conviction proceedings.

In summary, the state habeas proceedings only tolled the limitations period for just over a month, not nearly enough to excuse Gitre's filing his federal habeas petition over a year late.

## B. Equitable Tolling

The limitations period is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling applies "only if [petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (citation omitted). Equitable tolling is "unavailable in most cases and is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (citations and quotation marks

4

omitted). "[T]he threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Id*.

Gitre seeks equitable tolling for three reasons. First, he claims that he was unaware of the one-year time limit for filing a federal habeas petition. (ECF 8, at 2.) But the Ninth Circuit has held that a "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Alexander v. Johnson*, No. 12-CV-1401-BEN WMC, 2013 WL 5755469, at *11 (S.D. Cal. Oct. 23, 2013) (refusing to apply equitable tolling when the petitioner argued "she was unaware there was a time limit for filing in federal court").

Second, Gitre claims that "[t]here is no violation of a time limit when the Appellant Counsel has failed to act according to the objective standard of reasonableness." (ECF 8, at 2.) Gitre complains that there were legal claims that "should have been raised at trial or in the direct appeal." (*Id*.) But the habeas limitations period did not begin until *after* the appeals process concluded, when trial and appellate counsel's duties were over. Gitre does not explain how counsel's ineffectiveness *before* the limitations period began would prevent him from filing a federal habeas petition *during* the limitations period. Furthermore, "the mere negligence or inadvertence of counsel is insufficient grounds to constitute equitable tolling." *Trujillo v. Scribner*, No. 2:05CV02251JKSKJM, 2008 WL 60395, at *1 (E.D. Cal. Jan. 3, 2008). Since Gitre has not explained how his counsel's errors at trial or on direct appeal delayed him from seeking federal habeas relief, he has not established the extraordinary circumstances that would justify equitable tolling.

Lastly, Gitre argues that he did not have enough funds to obtain post-conviction counsel, which delayed his state habeas petition. (*See* ECF 1, at 37.) Yet Gitre's original federal petition suggests otherwise. According to Gitre's own papers, his wife hired post-conviction counsel in October 2018—the month after Gitre's judgment became final—and that attorney immediately began "working as diligently as possible" on the post-conviction case. (*See* ECF 1, at 37.) At any rate, even if this Court excluded *all* the time from the beginning of the limitations period to the filing of his first state petition—a matter of some

5

eight months—Gitre's federal habeas petition would still be months late.

\* \* \* \* \*

Gitre's federal habeas petition was filed 435 days after the one-year deadline. Forty-two days of statutory tolling should be excluded for the first state habeas proceeding, leaving his federal petition still 393 days late. Since no equitable tolling applies, Gitre's petition is procedurally barred, and the Warden's motion to dismiss should be granted. As a result, this Court need not address the Warden's remaining arguments for dismissal.

**C.      Certificate of Appealability**

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason . . . would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Gitre's federal petition was filed over a year late, even with tolling exclusions, the Court concludes that "petitioner cannot make the requisite showing." *See Barron v. Biter*, No. ED CV 12-0432 PA FMO, 2012 WL 4466600, at \*7 (C.D. Cal. Aug. 28, 2012) (denying a certificate of appealability when petition was "filed over five months after the expiration of the statute of limitations"), *adopted*, 2012 WL 4466596 (C.D. Cal. Sept. 26, 2012).

## CONCLUSION

The Court recommends that the following orders be entered:

1. Respondent's motion to dismiss the habeas petition is **GRANTED**.

2. Gitre's petition is **DISMISSED** with prejudice.

3. The Court **DECLINES** to issue a certificate of appealability.

The parties have 14 days from service of this report to file any objections to it. *See* 28 U.S.C. § 636(b)(1). The party receiving an objection has 14 days to file any response. *See* Fed. R. Civ. P. 72(b)(2).

Dated:  August 27, 2021

_____

Hon. Andrew G. Schopler
United States Magistrate Judge

7